**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EUGENE MANNACIO, Individually and on Behalf of All Others Similarly Situated, | Case No: 1:23−cv−06788 |
| Plaintiff, | Judge: Charles P. Kocoras |
| v. | |
| DISCOVER FINANCIAL SERVICES, ROGER C. HOCHSCHILD, JOHN T. GREENE, and R. MARK GRAF, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MANSOR MUSTAFA JABER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Mansor Mustafa Jaber ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing the Movant as Lead Plaintiff for the Class of all purchasers and acquirers of Discover Financial Services securities ("DFS" or the "Company") during the period between February 21, 2019 and August 14, 2023; and

(b)     approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class and the law firm of Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class.

**INTRODUCTION AND BACKGROUND**

This securities fraud class action was commenced on September 1, 2023 against the Company and certain of its officers for violations of Section 10(b) and 20(a) of the Exchange Act

1

and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. A copy of the early notice is attached as Exhibit 1 to the Declaration of Carl V. Malmstrom filed herewith ("Malmstrom Decl.").

DFS is an American financial services company that owns and operates Discover Bank, an online bank that offers checking and savings accounts, personal loans, home equity loans, student loans, and credit cards. DFS's shares trade on the New York Stock Exchange ("NYSE") under the ticker symbol "DFS".

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) DFS maintained deficient risk management and compliance procedures; (2) as a result of the foregoing deficiencies, the Company had, *inter alia*, failed to comply with applicable student loan servicing standards, misclassified certain credit card accounts, overcharged customers, and failed to stem its ballooning credit card delinquency rate; (3) the foregoing issues, when they became known, would subject DFS to significant financial exposure, regulatory scrutiny, and reputational harm; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 20, 2022, DFS issued a press release announcing its financial results for the second quarter of 2022. Among other items, DFS disclosed that it "is suspending until further notice its existing share repurchase program because of an internal investigation relating to its student loan servicing practices and related compliance matters." The Company also advised that "[t]he investigation is ongoing and is being conducted by a board-appointed independent special

committee." On this news, DFS's stock price fell $9.80 per share, or 8.93%, to close at $100 per share on July 21, 2022.

On July 19, 2023, DFS issued a press release announcing its financial results for the second quarter of 2023. Among other items, DFS disclosed that it had misclassified certain credit card products over an approximate 15-year period as a result of an acknowledged compliance failure. Specifically, DFS disclosed that it had incorrectly classified certain credit card accounts into its highest merchant and merchant acquirer pricing tier, beginning around mid-2007. In addition, the Company disclosed receipt of a proposed consent order from the Federal Deposit Insurance Corporation ("FDIC") in connection with an unrelated regulatory matter. On this news, DFS's stock price fell $19.40 per share, or 15.92%, to close at $102.45 per share on July 20, 2023.

On August 14, 2023, DFS issued a press release announcing that its Board of Directors (the "Board") and Defendant Roger C. Hochschild ("Hochschild") "have agreed that Hochschild will step down as Chief Executive Officer ["CEO"] and President and as a member of the Board", effective immediately. Notably, the same press release also quoted DFS's Chair of the Board, who assured investors that "[t]he Board is continuously focused on Discover reaching its full potential across the business, including our commitment to enhancing compliance, risk management and corporate governance." That same day, in an exhibit to an SEC filing, DFS also disclosed that its credit card delinquency rate increased to 3.00% for the 24-month period ended July 31, 2023, as compared to 2.86% for the 24-month period ended June 31, 2023. As reported by Seeking Alpha that day, the Company's credit card delinquency rate now stood at a higher level than the pre-pandemic rate of 2.37% in July 2019.

Then, on August 15, 2023, Seeking Alpha published an article reporting on analyst speculation that Defendant Hochschild's resignation was directly tied to DFS's recently reported

3

regulatory and risk oversight issues. Finally, on August 17, 2023, during an earnings call hosted by DFS, the Company's top officers acknowledged that it was "paying the price" for past underinvestment in compliance, stressing that Defendant Hochschild's abrupt departure reflected a commitment to moving past regulatory troubles, thereby validating previously reported analyst suspicions on the matter.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. *See*, 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice …;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

4

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. Movant's Motion is Timely

On September 1, 2023, pursuant to the PSLRA, a notice was published announcing that a securities class action had been filed against Defendants and advising purchasers of DFS securities that they had until October 31, 2023 to file a motion to be appointed as lead plaintiff. *See* Malmstrom Decl., Ex. 1.

Movant files the instant motion and submits herewith Movant's sworn certification attesting that he is willing to serve as a representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Malmstrom Decl., Ex. 2. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### B. Movant Has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $9,381.70 in connection with purchases of DFS securities. *See* Malmstrom Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in DFS securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.,* 1997 WL 461036, at *6).

6

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at \*4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at \*4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations, and financial prospects of DFS. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D.    <u>**Movant Is Presumptively the Most Adequate Plaintiff**</u>

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

      (aa)      will not fairly and adequately protect the interest of the class; or

      (bb)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Movant is employed as a parole agent and lives in California. Movant possesses a Master's degree in Public Policy and Administration and has been investing for about six years.

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### III.    <u>**MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**</u>

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Malmstrom Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing the Movant as Lead Plaintiff of the Class; (b) approving The Rosen Law Firm P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: October 31, 2023

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

/s/*Carl V. Malmstrom*
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
Email: malmstrom@whafh.com

*[Proposed] Liaison Counsel for Plaintiff
And the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim

9

Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff*
*And the Class*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

10

I, Carl V. Malmstrom, one of the attorneys for plaintiff, hereby certify that on October 31, 2023, service of the foregoing ***Memorandum of Law in Support of Motion of Mansor Mustafa Jaber for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel*** was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

<u>/s/ *Carl V. Malmstrom*</u>
Carl V. Malmstrom

11