## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE MANNACIO, Individually and on Behalf of All Others Similarly Situated, | x : : | Case No. 1:23-cv-06788 |
| Plaintiff, | : : | |
| v. | : : | |
| DISCOVER FINANCIAL SERVICES, ROGER C. HOCHSCHILD, JOHN T. GREENE, and R. MARK GRAF, | : : : : | |
| Defendants. | : : | |
| | x | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## OF KBC ASSET MANAGEMENT NV FOR APPOINTMENT AS LEAD PLAINTIFF
## <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>

KBC Asset Management NV ("KBC") respectfully submits this Memorandum of Law in support of its Motion, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (i) appointing KBC as Lead Plaintiff for a proposed Class consisting of all persons and entities who purchased or otherwise acquired the publicly traded common stock of Discover Financial Services ("DFS" or the "Company") between February 21, 2019 and August 14, 2023, both dates inclusive (the "Class Period"); and (ii) approving KBC's selection of Motley Rice LLC ("Motley Rice") to serve as Lead Counsel for the proposed Class.

## INTRODUCTION

This Action arises from alleged violations of the Securities Exchange Act of 1934 (the "Exchange Act") by DFS and three of its former officers (collectively, "Defendants"). The complaint currently on file alleges that during the Class Period, Defendants made false and/or misleading statements, and/or failed to disclose material adverse facts, concerning DFS's deficient risk management and compliance procedures, and that, as a result of those deficiencies, the Company failed to comply with applicable student loan servicing standards, misclassified certain credit card accounts, overcharged customers, and failed to stem its ballooning credit card delinquency rate. When the fraud was revealed to the investing public, the market value of DFS common stock declined precipitously, damaging class members.

The PSLRA directs courts to appoint as lead plaintiff the movant with the largest financial interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. KBC respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative Class. KBC has the largest financial interest of any movant it knows to be before the Court, its fund having suffered millions of dollars of losses on its purchases of DFS common stock during

1

the Class Period. *See* Moriarty Decl., Exs. A & B[1]; *see also infra* Section II.B. KBC also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative Class, it seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions. KBC is motivated by its fund's large financial loss to prosecute the Action vigorously and is committed to representing the interests of the putative Class fairly and adequately.

Finally, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the proposed Class. The claims of the proposed Class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

DFS is a U.S. financial services company that owns and operates Discover Bank, an online bank that offers checking and savings accounts, personal loans, home equity loans, student loans, and credit cards.

The complaint alleges that Defendants made false and/or misleading statements, and/or failed to disclose material adverse facts, during the Class Period concerning DFS's deficient risk management and compliance procedures, and that the Company had failed to comply with applicable student loan servicing standards, misclassified certain credit card accounts, overcharged customers, and failed to stem its ballooning credit card delinquency rate. The foregoing issues, when they became known, would subject DFS to significant financial exposure, regulatory scrutiny, and reputational harm.

---

[1]    All references to "Ex. __" are to the Declaration of Christopher F. Moriarty in Support of the Motion of KBC Asset Management NV for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("Moriarty Decl."), which is being filed contemporaneously herewith.

On July 20, 2022, DFS disclosed that it was "suspending until further notice its existing share repurchase program because of an internal investigation relating to its student loan servicing practices and related compliance matters." The Company also advised that "[t]he investigation is ongoing and is being conducted by a board-appointed independent special committee." On this news, DFS's stock price fell $9.80 per share, or 8.93%, to close at $100.00 per share on July 21, 2022. One year later, on July 19, 2023, DFS disclosed that it had incorrectly classified certain credit card accounts into its highest merchant and merchant acquirer pricing tier, beginning around mid-2007. On the same day, the Company disclosed receipt of a proposed consent order from the Federal Deposit Insurance Corporation in connection with an unrelated regulatory matter. On this news, DFS's stock price fell $19.40 per share, or 15.92%, to close at $102.45 per share on July 20, 2023. Then, on August 14, 2023, DFS issued a press release announcing that its Board of Directors and Defendant Roger C. Hochschild had agreed that Hochschild would step down as Chief Executive Officer and President and from the Board, effective immediately. That same day, in a filing with the U.S. Securities and Exchange Commission, DFS disclosed that its credit card delinquency rate increased from 2.86% for the 24-month period ended June 30, 2023, to 3.00% for the 24-month period ended July 31, 2023. Following these developments, the price of DFS shares fell $9.69 per share, or 9.44%, to close at $92.96 per share on August 15, 2023.

## ARGUMENT

### I.     KBC Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service "[n]ot later than 20 days after the date on which the complaint is filed."

3

15 U.S.C. § 78u-4(a)(3)(A)(i). This notice must advise class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the court to be appointed lead plaintiff within 60 days of the notice's publication. *Id.*

Next, the PSLRA directs the Court to appoint "the most adequate plaintiff" as lead plaintiff and creates a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated below, KBC meets each of these requirements and therefore should be appointed Lead Plaintiff.

### A. KBC's Motion is Timely

Notice of this Action was published on September 1, 2023 on *GlobeNewswire*, a widely circulated national business-oriented publication. *See* Moriarty Decl., Ex. C. The notice advised class members of the existence of this lawsuit and described the claims asserted therein. *Id.* KBC has filed this motion within 60 days of September 1, 2023, and therefore is entitled to be considered for appointment as Lead Plaintiff.

### B. KBC Has the Largest Financial Interest of Any Movant

KBC's fund suffered losses of approximately $15,055,464, computed on a last-in, first-out ("LIFO") basis, on its purchases of DFS common stock during the Class Period. *See* Moriarty Decl., Exs. A & B. Considering only shares held over each alleged corrective disclosure, which is the methodology most commonly used to determine recoverable losses in securities class action settlements, KBC's fund suffered total losses of $10,434,724. *See* Moriarty Decl., Ex. B at 6-10; *see also Applestein v. Medivation Inc.*, No. 10 Civ. 998, 2010 WL 3749406, at *2 (N.D. Cal. Sept.

4

20, 2010) ("[L]oss causation can only be demonstrated with respect to shares retained as of the date of the corrective disclosure."). KBC has the largest financial interest in the relief sought by the class among all known movants.

### C. KBC Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, to benefit from a presumption that it is the most adequate lead plaintiff, a movant must "satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts in this District have held that "[t]he initial Rule 23 analysis focuses on 'whether the movant has made a *prima facie* showing of typicality and adequacy'" and that the court's inquiry "'need not be extensive.'" *Bang v. Acura Pharm., Inc.*, No. 10 Civ. 5757, 2011 WL 91099, at *3 (N.D. Ill. Jan. 11, 2011) (Kendall, J.) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)).

The adequacy and typicality requirements "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citation omitted). Typicality exists when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Cendant*, 264 F.3d at 264-65. In determining whether the movant satisfies the adequacy requirement, courts consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Id.* (citation omitted). KBC satisfies both Rule 23 requirements.

### 1.    KBC Is Typical

During the Class Period, KBC's fund purchased a substantial amount of DFS common stock at prices artificially inflated by Defendants' alleged materially false and/or misleading statements and omissions and suffered damages when the truth was revealed to the market. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard to the nationality of the shareholder). Because KBC's legal claims are substantially identical to and arise from the same factual predicate as those alleged in the complaint, KBC satisfies the typicality requirement.

KBC also has demonstrated that it possesses standing to assert these claims on behalf of its fund. During the Class Period, that fund (KBC Equity Fund NV) purchased, and held legal title to, the DFS common stock on which it incurred substantial losses. Prior to filing this Motion, KBC obtained a valid assignment of claim from this fund. *See* Moriarty Decl., Ex. D; *see also Leventhal v. Chegg, Inc.*, No. 21 Civ. 09953, 2022 WL 4099454, at *3 (N.D. Cal. Sept. 7, 2022) (appointing KBC lead plaintiff and holding KBC "Funds' assignment of its claims to KBC in this matter is facially valid" and competing movant "failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption").[2]

Furthermore, KBC serves as the management company for KBC Equity Fund NV and has the sole authority to represent its fund in class actions under the terms of the fund's management agreement with KBC. The management agreement between KBC and KBC Equity Fund NV provides (at Clause 2.2.2) that the fund (referred to as the " BEVEK") authorizes the "Management

---

[2]    The assignments in *Chegg*, including from the same fund (KBC Equity Fund NV) to KBC—as well as in numerous other cases in which KBC has been appointed as lead plaintiff and later as class representative—are identical to the assignment obtained here.

Company" (i.e., KBC) to "participat[e] in *class actions* or the commencement of an individual action" on its behalf. Moriarty Decl., Ex. E at ¶ 2.2.2. Courts throughout the country, including in this District, have appointed KBC as lead plaintiff or class representative and held that it has standing to assert the claims at issue on behalf of its funds on the same basis as here. *See In re Under Armour Sec. Litig.*, 631 F. Supp. 3d 285, 308 (D. Md. 2022) (appointing KBC as class representative and holding that KBC's "legal and factual positions are in alignment with the class, indicating [it is] well-positioned to litigate on behalf of the class members"); *In re Twitter, Inc. Sec. Litig.*, No. 16 Civ. 05314, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as class representative on same standing basis as here); *KBC Asset Mgmt. NV v. 3D Sys. Corp.*, No. 15 Civ. 2393, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017) (appointing KBC as sole class representative on same standing basis as here and noting that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard"). *See also City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 11 Civ. 8332, 2012 WL 1339678, at *9 (N.D. Ill. Apr. 18, 2012) (St. Eve, J.) (appointing group including KBC as lead plaintiff in contested motion and holding KBC "meets the adequacy requirement in Rule 23(a)"); *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Labs.*, No. 22 Civ. 04661 26 (N.D. Ill. Mar. 7, 2023), ECF No. 26 (Seeger, J.) (appointing KBC lead plaintiff on identical standing basis).[3]

---

[3] KBC also has standing to represent its fund under the so-called prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). KBC has a close relationship to its fund, as evidenced by the fact it serves as its management company and there is a barrier to the fund asserting the claims here given it has contracted with KBC to do precisely that.

7

### 2. KBC Is Adequate

As noted above, KBC seeks to recover for substantially the same course of conduct by Defendants and injuries for which the rest of the proposed Class seeks recovery. KBC's interests are thus aligned with the interests of the other members of the putative Class. Moreover, the large financial losses suffered by its fund ensures that KBC will vigorously prosecute the litigation. In fact, KBC is precisely the type of investor whose participation in securities class actions the PSLRA's lead plaintiff provisions were meant to foster. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; *see also* S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685. Congress stated that the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *Cendant*, 264 F.3d at 244, 264 (quoting S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 and H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737).

KBC has also demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the putative Class. *See infra*, Section II; *see also* Moriarty Decl., Ex. F.

Thus, KBC satisfies the requirements of Rule 23 at this stage.

## II. The Court Should Approve KBC's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC has selected as Lead Counsel for the proposed Class Motley Rice, a firm with substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions, including in this District. Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Boston Retirement System v. Alexion Pharmaceuticals., Inc.*, No. 3:16-cv-2127 (AWT) (D. Conn.), in which it secured a recovery of $125 million earlier this year (pending final approval); as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.), in which it secured a recovery of $131 million for the investor class; as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which it secured a recovery of $140 million for the investor class; and as sole lead counsel and co-class counsel in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which it reached an $809.5 million settlement agreement in favor of the investor class on the eve of trial in 2021. *See also Holwill v. AbbVie Inc.*, Case No. 1:18-cv-06790, 2021 WL 7366274, at *3 (N.D. Ill. Sept. 23, 2021) (Norgle, J.) (appointing Motley Rice as sole class counsel and holding that "Motley Rice is a well-respected firm capable of providing competent counsel in complex securities fraud class actions."); *Chegg*, 2022 WL 4099454, at *4 (finding that Motley Rice is "highly qualified and experienced in securities class litigation."); *see also* Moriarty Decl., Ex. F.

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the class.[4]

---

[4] In addition, KBC has selected the law firm of Kirby McInerney LLP – which has recovered billions of dollars for investors in securities litigation – to serve as Local Counsel.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court: (i) appoint KBC as Lead Plaintiff pursuant to the PSLRA; and (ii) approve KBC's selection of Motley Rice to serve as Lead Counsel for the proposed Class.

DATED: October 31, 2023                  Respectfully submitted,

**MOTLEY RICE LLC**

*s/ Christopher F. Moriarty*
Gregg S. Levin
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for KBC Asset Management NV*
*and Proposed Lead Counsel for the Class*

Anthony E. Maneiro
KIRBY McINERNEY LLP
211 West Wacker Drive, Suite 550
Chicago, IL 60606
Telephone: (312) 767-5180
Facsimile: (312) 757-5181
amaneiro@kmllp.com

*Local Counsel for KBC Asset Management NV*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2023.

*s/ Christopher F. Moriarty*
Christopher F. Moriarty