UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE MANNACIO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.  1:23-cv-06788 Judge Charles P. Kocoras |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | |
| DISCOVER FINANCIAL SERVICES, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4895-1023-7580.v1

## I.   INTRODUCTION

This securities class action lawsuit is on behalf of purchasers of Discover Financial Services ("Discover" or the "Company") securities between February 21, 2019 and August 14, 2023, inclusive (the "Class Period"), against Discover and three of its top executives for violations of the Securities Exchange Act of 1934 (the "1934 Act").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

San Antonio Fire & Police Pension Fund and El Paso Firemen & Policemen's Pension Fund (collectively, the "Texas Fire & Police Pension Funds") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Texas Fire & Police Pension Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Headquartered in Riverwoods, Illinois, Discover is a financial services company that owns and operates Discover Bank, an online bank that offers various savings and credit products.

The complaint alleges that throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Discover maintained deficient risk management and compliance procedures; (ii) as a result, Discover has, among other things, failed to comply with applicable student loan servicing standards, misclassified certain credit card accounts, overcharged customers, and failed to stem its ballooning credit card delinquency rate; and (iii) the above issues,

- 1 -

when they became known, would subject Discover to significant financial exposure, regulatory scrutiny, and reputational harm.

The truth about Discover's deficient risk management and compliance procedures came to light through several disclosures, each having the effect of reducing the prices of Discover's securities, damaging investors. As a result of defendants' wrongful acts and omissions, and the decline in the market value of Discover securities, the Texas Fire & Police Pension Funds and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Texas Fire & Police Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on September 1, 2023 via *Globe Newswire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

4895-1023-7580.v1

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Texas Fire & Police Pension Funds meet these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Texas Fire & Police Pension Funds' Motion Is Timely

The September 1 statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by October 31, 2023.  *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A).  Because the Texas Fire & Police Pension Funds' motion was timely filed on October 31, they are eligible for appointment as lead plaintiff.

### 2.    The Texas Fire & Police Pension Funds Have A Significant Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Texas Fire & Police Pension Funds have a significant financial interest stemming from the purchase of 39,983 shares of Discover common stock during the Class Period, resulting in approximately $658,390 in losses as a result of defendants' alleged misconduct.  *See* Motion, Exs. B, C.  Therefore, the Texas Fire & Police Pension Funds possess a significant financial interest in the relief sought by the class.

### 3.    The Texas Fire & Police Pension Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).  Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy.  *Mortimer v. Diplomat*

- 3 -

*Pharmacy Inc.*, 2019 WL 3252221, at \*4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted).

Here, the Texas Fire & Police Pension Funds' claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Texas Fire & Police Pension Funds: (1) purchased Discover securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Texas Fire & Police Pension Funds' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. The Texas Fire & Police Pension Funds' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. And as set forth in greater detail in the Joint Declaration submitted herewith (*see* Motion, Ex. D), the Texas Fire & Police Pension Funds fully understand the obligations of a lead plaintiff to absent class members under the PSLRA, and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. The Texas Fire & Police Pension Funds' collaboration in this litigation follows from the extensive relationship between the funds and their representatives, which includes serving as lead plaintiff together in securities litigation and collaborating on issues affecting the retirement security of Texas first responders. Accordingly, the Texas Fire & Police Pension Funds are the paradigmatic lead plaintiff under the PSLRA because both of its members are sophisticated institutional investors with a pre-existing relationship and a substantial financial

- 4 -

interest in the resolution of the Action. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 567 (N.D. Ill. 2004) ("Congress 'anticipated and intended' large institutional investors to oversee securities cases.") (citation omitted); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (finding that the PSLRA indicates a "'presumption that institutional investors be appointed lead plaintiff'") (citation omitted).

Finally, as further detailed below, the Texas Fire & Police Pension Funds retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class. Because the Texas Fire & Police Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

**B.     The Court Should Approve the Texas Fire & Police Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Texas Fire & Police Pension Funds have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1] Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

4895-1023-7580.v1

hundreds of securities class actions and other complex litigations. *See, e.g.*, *Mortimer*, 2019 WL 3252221, at *2; *Flynn v. Exelon Corp.*, No. 1:19-cv-08209, ECF 64 (N.D. Ill. July 21, 2020).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.* Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

If the Texas Fire & Police Pension Funds' selection of counsel is approved, James E. Barz, the managing partner of Robbins Geller's Chicago office, will serve as lead trial counsel. Mr. Barz

---

[2] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4895-1023-7580.v1

is a registered CPA, a former federal prosecutor, and an adjunct professor at Northwestern University School of Law from 2008 to 2021.  Mr. Barz recently obtained final approval of a *$1.2 billion* settlement in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658 (D.N.J.), a case that *Vanity Fair* reported as "the corporate scandal of its era" that had raised "fundamental questions about the functioning of our health-care system, the nature of modern markets, and the slippery slope of ethical rationalizations."  *Valeant* is the largest securities class action settlement against a pharmaceutical manufacturer and the ninth largest securities class action settlement ever.  Most recently, Mr. Barz was honored by the Judges of this District with an Award for Excellence in Pro Bono Service for his work for the rights of the incarcerated.[3]

As a result, the putative class's interests in this case will be well represented if the Court approves the Texas Fire & Police Pension Funds' selection of Robbins Geller as Lead Counsel.

## IV.     CONCLUSION

The Texas Fire & Police Pension Funds satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Texas Fire & Police Pension Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  October 31, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS (ILND-GB-5711)
MICHAEL ALBERT

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

---

[3]     *See* https://www.rgrdlaw.com/news-awards-Federal-Court-Honors-Partner-Jim-Barzs-Fight-for-Constitutional-Rights-of-the-Incarcerated.html.

- 7 -

4895-1023-7580.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107

**Proposed Lead Counsel for Proposed Lead Plaintiff**

- 8 -