# Exhibit 37

UNITED STATES OF AMERICA
CONSUMER FINANCIAL PROTECTION BUREAU

ADMINISTRATIVE PROCEEDING
**2015-CFPB-0016**

In the Matter of:

DISCOVER BANK, THE STUDENT LOAN
CORPORATION, AND DISCOVER
PRODUCTS, INC.

**CONSENT ORDER**

The Consumer Financial Protection Bureau (Bureau) has reviewed certain student-loan-servicing activities of Discover Bank, The Student Loan Corporation, and Discover Products, Inc. The Bureau has identified the following violations of law: (1) unfair and deceptive acts and practices relating to Respondent's failure to furnish clear information regarding the student-loan interest consumers paid, in violation of §§ 1031(a) and 1036(a)(1)(B) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536(a); (2) unfair acts and practices relating to Respondent initiating collection calls to consumers at inconvenient times, in violation of §§ 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a); (3) deceptive acts and practices relating to Respondent overstating the minimum amount due in student-loan billing statements, in violation of §§ 1031(a) and 1036(a)(1)(B) of the CFPA, 12 U.S.C. §§ 5531, 5536(a); and (4) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, in Respondent's collection activities regarding defaulted student loans it acquired. Under §§ 1053 and 1055 of the CFPA, 12 U.S.C. §§ 5563, 5565, the Bureau issues this Consent Order (Consent Order).

## I
## Jurisdiction

1.      The Bureau has jurisdiction over this matter under §§ 1053 and 1055 of the CFPA, 12 U.S.C. §§ 5563, 5565.

## II
## Stipulation

2.      Respondent has executed a "Stipulation and Consent to the Issuance of a Consent Order," dated July 16, 2015, which is incorporated by reference and is accepted by the Bureau. By this Stipulation, Respondent has consented to the issuance of this Consent Order by the Bureau under §§ 1053 and 1055 of the CFPA, 12 U.S.C. §§ 5563, 5565, without admitting or denying any of the findings of fact or conclusions of law, except that Respondent admits the Bureau has jurisdiction over it and the subject matter of this action.

## III
## Definitions

3.      The following definitions apply to this Consent Order:

   a. "Affected Consumers" means the Call-Time Consumers, the Minimum-Payment Consumers, and the Tax-Information Consumers.

   b. "Attempted Call or Contact" means an instance in which Respondent placed a telephone call to a consumer's phone number that resulted in a connection to consumer's telephone, whether or not the consumer answered the call.

   c. "Board" means the duly-elected and acting Board of Directors of Discover Bank.

   d. "Clearly and prominently" means:

## VI
## Compliance Plan

**IT IS FURTHER ORDERED** that:

50.    Within 90 days of the Effective Date, Respondent must submit to the Regional Director for review and determination of non-objection a comprehensive compliance plan designed to ensure that Respondent's student-loan-servicing activities comply with the terms of this Consent Order (Compliance Plan). The Compliance Plan must include, at a minimum:

    a.    detailed steps for addressing each action required by this Consent Order; and

    b.    specific timeframes and deadlines for implementation of those steps.

51.    The Regional Director will have the discretion to make a determination of non-objection to the Compliance Plan or direct the Respondent to revise it. If the Regional Director directs the Respondent to revise the Compliance Plan, the Respondent must make the revisions and resubmit the Compliance Plan to the Regional Director within 30 days.

52.    After receiving notification that the Regional Director has made a determination of non-objection to the Compliance Plan, the Respondent must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Compliance Plan.

## VII
## Role of the Board

**IT IS FURTHER ORDERED** that:

53.    The Board or a committee thereof must review the Redress Plan and Compliance Plan required by this Consent Order before submission to the Bureau.

14

54.    Although this Consent Order requires the Respondent to submit certain documents for the review or non-objection by the Bureau, the Board will have the ultimate responsibility for proper and sound management of Respondent and for ensuring that Respondent complies with Federal consumer financial law and this Consent Order.

55.    In each instance that this Consent Order requires the Board to ensure adherence to, or perform certain obligations of Respondent, the Board or a committee thereof must:

    a. authorize whatever actions are necessary for Respondent to fully comply with the Consent Order;

    b. require timely reporting by management to the Board on the status of compliance obligations; and

    c. require timely and appropriate corrective action to remedy any material non-compliance with Board directives related to this section.

## VIII
## Order to Pay Redress

**IT IS FURTHER ORDERED** that:

56.    Within 10 days of the Effective Date, Respondent must reserve or deposit into a segregated deposit account not less than $16 million for the purpose of providing redress to Affected Consumers as required by this section.

57.    Within 90 days of the Effective Date, Respondent must submit to the Regional Director for review and non-objection a comprehensive written plan for providing redress consistent with this Consent Order (Redress Plan). The Regional Director will have the discretion to make a determination of non-objection to the

15