# Exhibit 38

UNITED STATES OF AMERICA
BUREAU OF CONSUMER FINANCIAL PROTECTION

ADMINISTRATIVE PROCEEDING
File No. 2020-BCFP-0026

In the Matter of:


DISCOVER BANK, THE STUDENT
LOAN CORPORATION, AND
DISCOVER PRODUCTS, INC.

**CONSENT ORDER**


The Bureau of Consumer Financial Protection (Bureau) has reviewed certain

student loan servicing activities of Discover Bank, The Student Loan Corporation,

and Discover Products, Inc. (collectively, Respondent, as defined below),

including Respondent's compliance with a 2015 Consent Order issued by the

Bureau and Respondent's migration of its student loan servicing platform to a new

servicing system. The Bureau has identified the following law violations: (1)

Respondent violated the 2015 Consent Order by misrepresenting the minimum

periodic payments owed by consumers, the amount of annual interest paid by

consumers, and other facts material to consumers concerning the servicing of their

loans, and by failing to provide all redress required by the 2015 Consent Order, in

violation of Section 1036(a)(1)(A) of the Consumer Financial Protection Act of

2010 (CFPA), 12 U.S.C. § 5536(a)(1)(A); (2) Respondent engaged in deceptive

1

## II

### Stipulation

2.    Respondent has executed a "Stipulation and Consent to the Issuance of a Consent Order," dated December 14, 2020 (Stipulation), which is incorporated by reference and is accepted by the Bureau.  By this Stipulation, Respondent has consented to the issuance of this Consent Order by the Bureau under Sections 1053 and 1055 of the CFPA, 12 U.S.C. §§ 5563, 5565, without admitting or denying any of the findings of fact or conclusions of law, except that Respondent admits the facts necessary to establish the Bureau's jurisdiction over Respondent and the subject matter of this action.

## III

### Definitions

3.    The following definitions apply to this Consent Order:

   a.    "2015 Consent Order" means the administrative consent order the Bureau issued on July 22, 2015 at docket number 2015-CFPB-0016.

   b.    "Affected Consumers" includes any consumers potentially impacted by a Consent Order Violation, as defined below, or a Migration Issue, as defined below.

3

c.     "Backdate" or "Backdating" means a loan adjustment applied retroactively, resulting in the reprocessing of all loan transactions from the effective date of the loan adjustment going forward to ensure the adjustment is fully incorporated and reflected in the loan history and amounts owed, or other appropriate adjustment as provided in the approved Redress Plan, as described in Section VIII.

d.     "Board" means Respondent's duly elected and acting Board of Directors.

e.     "Consent Order Violation" means any act or omission that was not in compliance with the 2015 Consent Order, while such order was in effect.

f.     "Effective Date" means the date on which this Consent Order is entered on the administrative docket.

g.     "Migration" means the migration of Respondent's student loan servicing platforms to a new system in 2017-2018.

h.     "Migration Issue" means any student loan servicing error arising from the Migration that impacted student loan borrowers or cosigners.

4

e.    specific timeframes and deadlines for implementation of the steps described above.

71.    The Compliance Plan must also attach a copy of each Order Acknowledgment obtained under Section XII, unless previously submitted to the Bureau.

72.    The Regional Director will have the discretion to make a determination of non-objection to the Compliance Plan or direct Respondent to revise it.  If the Regional Director directs Respondent to revise the Compliance Plan, Respondent must revise and resubmit the Compliance Plan to the Regional Director within 30 days.

73.    After receiving notification that the Regional Director has made a determination of non-objection to the Compliance Plan, Respondent must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Compliance Plan.

## VII

### Role of the Board

**IT IS FURTHER ORDERED** that:

74.    The Board, or a relevant committee thereof, must review all submissions (including plans, reports, programs, policies, and

procedures) required by this Consent Order prior to submission to the Bureau.

75. Although this Consent Order requires Respondent to submit certain documents for review or non-objection by the Regional Director, the Board will have the ultimate responsibility for proper and sound management of Respondent and for ensuring that Respondent complies with the laws that the Bureau enforces, including Federal consumer financial laws and this Consent Order.

76. In each instance that this Consent Order requires the Board to ensure adherence to, or perform certain obligations of Respondent, the Board, or a relevant committee thereof, must:

   a. Authorize whatever actions are necessary for Respondent to fully comply with the Consent Order;

   b. Require timely reporting by management to the Board on the status of compliance obligations, including reporting (i) student loan servicing misstatements, including those relating to minimum amount due and annual interest paid, (ii) potential violations of federal consumer financial law relating to misstatements of the minimum amount due, annual interest paid, or other material information related to student loan

23

servicing, and (iii) potential violations of this Consent Order, within 45 days of identification of the issue as reportable under paragraph 70; and

c.   Require timely and appropriate corrective action to remedy (i) student loan servicing misstatements, including those relating to minimum amount due and annual interest paid, (ii) potential violations of federal consumer financial law relating to misstatements of the minimum amount due, annual interest paid, or other material information related to student loan servicing, and (iii) potential violations of this Consent Order.

## MONETARY PROVISIONS

## VIII

### Order to Pay Redress

77.   Respondent shall provide redress to all harmed Affected Consumers pursuant to this Consent Order as set forth below, in an amount not less than $10 million, which includes approximately $7.7 million in redress Respondent has already voluntarily provided, and at least $2.3 million Respondent must pay to harmed Affected Consumers.

78.   Redress that is required to be paid pursuant to this Consent Order shall be paid in accordance with the following principles:

24