**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KBC ASSET MANAGEMENT N.V., NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, NEW YORK CITY FIRE DEPARTMENT PENSION FUND, NEW YORK CITY POLICE PENSION FUND, and TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:23-cv-06788 <br><br> Hon. Martha M. Pacold |

Plaintiffs,

    v.

DISCOVER FINANCIAL SERVICES,[*] ROGER C. HOCHSCHILD, JOHN T. GREENE, R. MARK GRAF, MARY K. BUSH, CANDACE H. DUNCAN, JOSEPH F. EAZOR, CYNTHIA GLASSMAN, THOMAS G. MAHERAS, MICHAEL MOSKOW, DANIELA O'LEARY GILL, JOHN B. OWEN, DAVID L. RAWLINSON II, and JENNIFER L. WONG,

            Defendants.

**DEFENDANTS' BRIEF ADDRESSING**
**THE COURT'S QUESTION REGARDING RULE 15**

---

[*] Capital One Financial Corp. is the successor by merger to Discover Financial Services.  *See* Dkt. 109.

Defendants submit this brief to address the Court's question whether Plaintiffs' Proposed Second Amended Complaint ("PSAC") should be evaluated under Federal Rule of Civil Procedure 15(a) or 15(d). Because the PSAC presents new allegations that post-date the previous pleading, Rule 15(d) is the appropriate standard. But regardless of whether Plaintiffs' motion is analyzed under Rule 15(a) or 15(d), the result is the same: the proposed revisions are futile because the PSAC fails to state a claim that satisfies the heightened pleading standards of Rule 9(b) and the PSLRA. Accordingly, leave to amend or supplement should be denied, and the case should be dismissed with prejudice.

## I. RULE 15(D) PROVIDES THE APPROPRIATE STANDARD FOR EVALUATING THE PSAC.

The Court should evaluate the PSAC under Rule 15(d), rather than Rule 15(a), because Plaintiffs' new allegations relate to events that post-date the complaint. Amended pleadings under Rule 15(a) relate to "matters that occurred prior to the filing of the original pleading." 6A Wright & Miller, Federal Practice and Procedure § 1504 (3d ed.). By contrast, supplemental pleadings under Rule 15(d) "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id*.

Where a party seeks to add claims based on post-pleading events, a motion for leave to supplement under Rule 15(d) is the proper vehicle. *See Chicago Reg'l Council of Carpenters* v. *Vill. of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011) ("Before the complaint may be broadened to encompass subsequent events, the plaintiff must move to supplement it. [Rule] 15(d) provides a mechanism for doing just that[.]"). And "[i]t is worth underscoring . . . that there is no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion." *Id.*

Here, the court should evaluate Plaintiffs' new allegations under Rule 15(d) because they

relate to events that post-date the complaint. Plaintiffs' new allegations amount to two recent developments about the card misclassification issue: (1) Discover's December 2024 restatement of certain financial information; and (2) Discover's entry into regulatory consent orders in April 2025. Both post-date Plaintiffs' February 2024 Amended Complaint. *See* Dkt. 74.[1] Since Plaintiffs are supplementing their pleading with "new facts that happened since the date of [the original] pleading" rather than "add[ing] additional background information about the claims," Rule 15(d) applies. *Burnette* v. *Tegels*, 2025 WL 485798, at *2 (E.D. Wis. Feb. 13, 2025).

## II.     THE PSAC IS FUTILE WHETHER EVALUATED UNDER RULE 15(A) OR 15(D).

Regardless of which rule applies, the proposed revisions are futile because Plaintiffs fail to state a claim under the applicable heightened pleading standards.

As to amendment, although Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "leave should not be granted" where it would be futile. *Airborne Beepers & Video, Inc.* v. *AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). Leave to amend is futile where "the proposed amended complaint fails to state a claim" and thus does not meet "the legal sufficiency standard of Rule 12(b)(6)." *Bernacchi* v. *First Chicago Ins. Co.*, 52 F.4th 324, 328 (7th Cir. 2022). There is "no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Cohen* v. *Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013) (citation omitted); *see also Defeo* v. *IonQ, Inc.*, 134 F.4th 153, 161–66 (4th Cir. 2025) (amendment was futile because the proposed amended complaint failed to plead loss causation).

Denying Plaintiffs' motion on futility grounds is fully consistent with Rule 15(a)(2)'s

---

[1] The allegations in PSAC ¶ 208, which newly challenge a statement in Discover's 2018-2022 Form 10-Ks, concern facts pre-dating the Amended Complaint. That is of no moment. The majority of the new allegations post-date the previous complaint and, as discussed further below, the standard under Rules 15(a) and (d) is the same.

directive that leave be freely given when justice so requires. The Seventh Circuit has long recognized that "[t]he terms of [Rule 15] . . . do not mandate that leave be granted in every case." *Park* v. *City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Instead, "[d]istrict courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic* v. *Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). A proposed amended complaint is futile if it could not withstand a motion to dismiss. And while a complaint ordinarily need only include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), claims alleging securities fraud must satisfy the heightened pleading requirements of Rule 9(b) and the PSLRA to survive a motion to dismiss.[2] (Opp'n at 9.)

"[T]he standard is the same" under Rule 15(d). *Glatt* v. *Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). Courts "deny leave to supplement" where doing so would be futile—that is, where "the new pleading would not survive a motion to dismiss." *Magnuson* v. *Exelon Generation Co.*, 2022 WL 22838711, at *2 (C.D. Ill. Feb. 1, 2022); *see also Knapp* v. *Indiana*, 175 F.3d 1020 (7th Cir. 1999) (affirming denial of motion to supplement because "nothing in [plaintiff's] proposed supplements would have stated a claim upon which relief may be granted"); *Burnette*, 2025 WL 485798, at *4 ("The court will deny the plaintiff's motion to supplement (or amend) his complaint because it is futile and because the additional information he provides still does not state a federal claim.").[3]

---

[2] Courts routinely deny post-dismissal motions for leave to amend in securities cases—even where plaintiffs rely on new facts that post-date the prior operative pleading. *E.g.*, *In re Hutchinson Tech., Inc. Sec. Litig.*, 536 F.3d 952, 962 (8th Cir. 2008) (affirming denial of leave to amend as futile and holding that new financial disclosure evidence was "irrelevant" to the complaint); *Kader* v. *Sarepta Therapeutics, Inc.*, 2017 WL 72396, at *8 (D. Mass. Jan. 6, 2017) (holding plaintiffs' new allegations of scienter—including reliance on a post-complaint FDA briefing document—insufficient), *aff'd*, 887 F.3d 48 (1st Cir. 2018).

[3] Unlike in *St. Anthony Hosp.* v. *Whitehorn*, where the parties had not fully briefed futility, 132 F.4th 962, 979-80 (7th Cir. 2025), here Defendants raised futility in their Opposition (Dkt. 110), and Plaintiffs responded at length in their Reply (Dkt. 111). Accordingly, the Court can rule at this time.

Here, the PSAC is futile because Plaintiffs fail to state a claim for the reasons explained in Defendants' Opposition. (Dkt. 110 ("Opp'n").) Plaintiffs fail to plead loss causation for their new challenges to Discover's reported revenue. Plaintiffs noted that a corrective disclosure does not need to be a "mirror image" of the challenged statement (Feb. 25 Hr'g Tr. at 30), but they do not even attempt to tie the challenged financial figures to any alleged corrective disclosure. Plaintiffs re-allege the same five corrective disclosures from their Amended Complaint, none of which revealed anything about revenue, liability estimates, or GAAP compliance, and therefore cannot establish loss causation. (Opp'n at 9-11.)

Plaintiffs also fail to plead scienter. The restatement was a compromise following a disagreement with the SEC over a technical rule regarding how to account for the card misclassification.[4] And with respect to the newly challenged statement that "[c]ontractually defined per-transaction fee amounts typically apply to each type of transaction processed and are recognized as revenue at . . . settlement" (PSAC ¶ 208)—which merely describes the structure of this revenue stream and the accounting policy for recognizing that revenue—Plaintiffs fail to plead with particularity that the statement was misleading or made with scienter. (Opp'n at 15-16.)

Apart from these two new categories of statements, Plaintiffs attempt to rework challenges to two categories of alleged misstatements the Court already dismissed: (1) statements about Discover's compliance program and (2) certifications made under the Sarbanes-Oxley Act. Both

---

[4] Plaintiffs' counsel suggested that "[t]his is not a case that depends for falsity or scienter on" which technical accounting rule applies because "there was no question" that the card misclassification "increased improperly revenue." (Feb. 25 Hr'g Tr. at 31.) But that is precisely the issue raised by the competing accounting approaches discussed in the Opposition—namely, whether the proceeds resulting from the misclassification should have been treated as (i) a refund obligation (and thus a reduction to revenue) under ASC 605 and 606, or (ii) a restitution liability (with no change to revenue) under ASC 450-20. (Opp'n at 6-7, 13-14.) And even if Plaintiffs had adequately alleged that the individual Defendants were aware of the misclassification of cards (they have not), they still do not plead facts suggesting that Defendants understood this technical accounting issue or its implications for Discover's historical financials.

fail.  As the Court already found, the claims relating to Discover's compliance program fail as a matter of law because "no reasonable investor would interpret statements describing the purposes and goals of Discover's compliance program . . . to convey specific predictions and assurances about Discover's level of compliance."  (Dkt. 104 ("Op.") at 9.)  Nothing in the PSAC alters that analysis.  Plaintiffs concede the PSAC contains no new allegations about many of the previously-dismissed statements, PSAC at 83 n.140, and the handful of additional allegations do not move the needle.  (Opp'n at 18-23.)  Similarly, the certifications under SOX, nearly all of which were previously dismissed by the Court, *see* Op. at 35-39, are still inactionable statements of opinion, are not false, and still fail to support a strong inference of scienter.  (Opp'n at 24-28.)

Because the PSAC fails to state a claim that satisfies the heightened pleading standards of Rule 9(b) and the PSLRA, amendment or supplementation would be futile.  Plaintiffs' Motion should be denied.  And because the futility inquiry applies the same "legal sufficiency standard" as a motion to dismiss, *Bernacchi*, 52 F.4th at 328, the Court should resolve that issue now rather than prolong this litigation by deferring the analysis to a later motion-to-dismiss stage.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Leave to Amend regardless of whether Rule 15(a) or 15(d) applies and dismiss this action with prejudice.  *Valde-Cruz* v. *Russo*, 2024 WL 809903, at *10 (S.D.N.Y. Feb. 27, 2024) (dismissal with prejudice warranted where the plaintiff "has already had two bites at the apple, and they have proven fruitless").

Dated:  March 11, 2026

Respectfully submitted,

SULLIVAN & CROMWELL LLP

/s/ Christopher M. Viapiano
Christopher M. Viapiano
David N. Whalen
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330
viapianoc@sullcrom.com
whalend@sullcrom.com

Leonid Traps
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
trapsl@sullcrom.com

*Counsel for Discover Financial Services*


SIDLEY AUSTIN LLP

/s/ Hille Sheppard (with consent)
Hille Sheppard
Christopher Lee
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
hsheppard@sidley.com
chris.lee@sidley.com

*Counsel for R. Mark Graf*

-7-

GOODWIN PROCTER LLP

/s/ John Barker (with consent)
Deborah Birnbach
John Barker
100 Northern Avenue
Boston, Massachusetts 02210
Telephone: (617) 570-1000
DBirnbach@goodwinlaw.com
JBarker@goodwinlaw.com

*Counsel for John T. Greene*


HAYNES AND BOONE, LLP

/s/ Seth Farber (with consent)
Seth Farber (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 659-7300
Seth.Farber@haynesboone.com

WINSTON & STRAWN LLP

Athanasia ("Thania") Charmani (admitted
*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6400
ACharmani@winston.com

Joseph Motto
300 N. LaSalle Dr., Suite 4400
Chicago, Illinois 60654
Telephone: (312) 558-3728
JMotto@winston.com

*Counsel for Roger C. Hochschild*

WILLKIE FARR & GALLAGHER LLP

/s/ Todd G. Cosenza (with consent)

Todd G. Cosenza (admitted *pro hac vice*)
Charles D. Cording (admitted *pro hac vice*)
Joshua S. Levy (admitted *pro hac vice*)
Amanda M. Payne (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
tcosenza@willkie.com
ccording@willkie.com
jlevy@willkie.com
apayne@willkie.com

*Counsel for Mary K. Bush, Candace H. Duncan, Joseph F. Eazor, Daniela O'Leary Gill, Cynthia Glassman, Thomas G. Maheras, Michael Moskow, John B. Owen, David L. Rawlinson II, and Jennifer L. Wong*

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, I caused the foregoing Defendants' Brief Addressing The Court's Question Regarding Rule 15 to be electronically filed via the Court's CM/ECF system, which effected service upon all counsel of record.

/s/ Christopher M. Viapiano
Christopher M. Viapiano
