**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| KBC ASSET MANAGEMENT NV, NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, NEW YORK CITY POLICE PENSION FUND, NEW YORK CITY FIRE DEPARTMENT PENSION FUND, and TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> DISCOVER FINANCIAL SERVICES, ROGER C. HOCHSCHILD, JOHN T. GREENE, R. MARK GRAF, MARY K. BUSH, CANDACE H. DUNCAN, JOSEPH F. EAZOR, CYNTHIA GLASSMAN, THOMAS G. MAHERAS, MICHAEL MOSKOW, DANIELA O'LEARY GILL, JOHN B. OWEN, DAVID L. RAWLINSON II, and JENNIFER L. WONG, <br><br> Defendants. | Case No. 1:23-cv-06788 <br><br> <u>CLASS ACTION</u> <br><br> Hon. Martha M. Pacold |

**SUPPLEMENTAL BRIEF IN SUPPORT OF
<u>LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND</u>**

In accordance with the Court's instruction during the February 25, 2026 hearing ("February 25 Hearing") on Plaintiffs' motion for leave to amend (Dkt. 107), Plaintiffs submit this brief to explain why their [Proposed] Second Amended Class Action Complaint (Dkt. 108-2, "SCAC") should proceed regardless of whether Federal Rule of Civil Procedure 15(a) or (d) applies.[1]

## I.    Plaintiffs' Motion Is Well Supported Under Either Rule 15(a) or Rule 15(d).

During the February 25 Hearing, the Court asked whether "the principle that leave to amend should be freely granted" under Rule 15(a), as articulated in *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510 (7th Cir. 2015), "also appl[ies] in the context of a motion to supplement [under Rule 15(d)] where the information post-dates the complaint." Feb. 25 Hr'g Tr. 6:7-15. Seventh Circuit jurisprudence makes clear the answer is yes. In any event, whether Rule 15(a) or Rule 15(d) applies does not matter here because "the standard is the same" under either subsection. *Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

### A.    The SCAC Is Properly Considered an Amended Pleading.

The Seventh Circuit has described "a true amended complaint" as one "amending the original complaint," while a "supplemental complaint" adds "new defendants and claims." *Finfrock v. Jordan*, 105 F.3d 660 (tbl.), 1996 WL 726426, at *1 (7th Cir. 1996); *see also Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, 2021 WL 1212796, at *7 (N.D. Ill. Mar. 31, 2021) (plaintiff's motion for leave to amend to allege unlawful retaliation "actually [wa]s a motion to file a *supplemental* claim under Civil Rule 15(d), because the alleged retaliation happened after the filing of the original Complaint" (emphasis in original)). Plaintiffs moved to amend the Amended Class Action Complaint (Dkt. 74, "CAC") primarily to include new allegations drawn from Discover's December 2024 restatement of Class Period financial results, the FDIC's April

---

[1] Unless otherwise indicated, all emphasis in this brief is added and all internal citations and quotation marks have been omitted. Page references to docket filings are to the internal pagination.

2025 amended consent order, and the Federal Reserve Board's April 2025 cease-and-desist order. Dkt. 108 at 7-10. Although those disclosures occurred after the CAC was filed, the allegations derived from them and incorporated into the SCAC relate to actions and events that predate the CAC. The SCAC is thus "a true amended complaint."

In announcing the restatement, for example, Discover admitted (1) it suffered from a material weakness in its control environment, which reflected the Company's failure to "demonstrate an appropriate commitment to *integrity and ethical values*, specifically in the approach to evaluating and addressing the [previously revealed] card product misclassification," as well as a material weakness in its internal control over financial reporting related to the card misclassification improprieties; and (2) as a result, the Company had materially misstated its previous financial results. Dkt. 108 at 14-15; Dkt. 108-2 (SCAC), ¶ 9 (emphasis in original). These developments expand on, and strengthen, Plaintiffs' *existing* allegations relating to Discover's failure to disclose its sixteen-year-long practice of misclassifying credit card fees and associated revenues, as well as the pervasive deficiencies and outright gaps in the Company's compliance management system, risk management infrastructure, and internal controls. *See, e.g.*, Dkt. 74 (CAC) ¶¶ 101-237.

The regulators' April 2025 findings likewise relate to conduct that predates the CAC. Among other things, the Federal Reserve Board found (based on an investigation conducted at least in part during the Class Period) that "*senior executives* . . . *were aware* that . . . Discover consumer credits cards were improperly classified" and that the long-running practice was done "*for the purpose of increasing [Discover's] revenues*"—i.e., intentionally. Dkt. 108-3, ¶¶ 5, 11 (emphases in original). While these and other new allegations support falsity, materiality, scienter, and loss causation with respect to additional statements not included in the CAC as well as certain

- 2 -

previously identified statements (*see generally* Dkt. 108; Dkt. 111), they do not change the nature of the controversy, the parties, or the relief sought.  Rule 15(a) therefore applies.

**B. The SCAC Would Nonetheless Be Proper Under Rule 15(d).**

Rule 15(d) provides that a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  In determining whether just terms exist, "the court uses the same factors as those used for motions to amend under 15(a)." *Young v. Experian Info. Sols., Inc.*, 2024 WL 449973, at *2 (N.D. Ill. Feb. 6, 2024).  Consequently, "[a]ny misnomer of the additions to the complaint as amendments rather than supplements constitutes harmless error." *Spencer Cnty. Redevelopment Comm'n v. AK Steel Corp.*, 2011 WL 3806947, at *2 (S.D. Ind. Aug. 26, 2011) (alteration in original).  And because Rules 15(a) and 15(d) are "governed by the same standard," the latter is subject to the principle that "district courts should freely give leave [to amend a complaint] when justice so requires." *Dobrov*, 2021 WL 1212796, at *7 (alteration in original).

The Seventh Circuit's *en banc* decision in *Saint Anthony Hospital v. Whitehorn*, which this Court referenced during the February 25 Hearing, does not demand a different analysis here.  The district court there "declined Saint Anthony's request to supplement its complaint, concluding in part that doing so would 'substantially expand the scope of the case' by bringing in issues related to Illinois's fee-for-service program," whereas "the original complaint focused solely on the state's managed-care program—a multibillion-dollar program on its own."  132 F.4th 962, 979 (7th Cir. 2025).  The court of appeals thus could not say "the [district] court abused its discretion by denying Saint Anthony's motion." *Id.*  Permitting the SCAC to proceed, by contrast, would not substantially expand the scope of this case because the new allegations arise from the same events, transactions, and occurrences as those referenced in the CAC.

Nor does this case resemble *Chicago Regional Council of Carpenters v. Village of Schaumburg*, which this Court also referenced (*see* Feb. 25 Hr'g Tr. 16:17-19). The plaintiff there "filed its complaint on September 2, 2009, but the only event" on which it ultimately sought relief "occurred in November 2009," and plaintiff "did not ask the district court to accept a supplemental pleading until after the court had denied its motion for summary judgment." 644 F.3d 353, 356-57 (7th Cir. 2011). The district court thus did not abuse its discretion in refusing the supplemental pleading. *Id.* at 357. The circumstances in that case are far removed from those here.

**II.     Because the Proposed Amendment (or Supplement) Is Not Futile, the Court Should Grant Plaintiffs' Motion and Allow This Case to Proceed to Discovery.**

The Seventh Circuit has instructed that, "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion*, 786 F.3d at 519-20 (emphasis in original). The court of appeals has indicated the same standard applies to motions under Rule 15(d). *See Saint Anthony Hosp.*, 132 F.4th at 979-80. Defendants oppose the present motion solely on the ground of futility. As detailed in Plaintiffs' prior briefs and during the February 25 Hearing, none of the bases for their futility challenge have merit. *See* Dkt. 108; Dkt. 111; Feb. 25 Hr'g Tr. 7:18-15:22, 30:2-37:14, 39:18-40:11, 41:7-18. Bolstered by the additional allegations, including Discover's restatement and accompanying admissions as well as the regulators' findings, the SCAC amply pleads claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. It plainly does not "appear[] to a certainty that [Plaintiffs] cannot state a claim." *Macovski v. Groupon, Inc.*, 553 F. Supp. 3d 460, 473 (N.D. Ill. 2021).

Further, while the Court commented during the February 25 Hearing that it "will sometimes just grant the amendment and then do a motion to dismiss so that [the Court] can see it teed up" through "more of the standard sequence of briefing," Feb. 25 Hr'g Tr. 23:21-23, Plaintiffs

- 4 -

submit that approach would be unnecessary and inefficient here. In light of the specific standards that govern private federal securities claims, the parties have fully presented their arguments for and against the sufficiency of the SCAC's allegations. As Discover's counsel acknowledged during the hearing, their arguments on a motion to dismiss the SCAC "would be exactly the same" as those they have advanced in opposing the present motion. Feb. 25 Hr'g Tr. 24:7-9. Holding another round of briefing on the same issues would serve no meaningful purpose.

*Macovski* is instructive. There, like here, defendants opposed the plaintiff's motion for leave to amend with respect to Exchange Act claims, arguing the court should deny leave "because the proposed amendment would not survive a motion to dismiss and [wa]s therefore futile." 553 F. Supp. 3d at 469. Specifically, as here, defendants contended the proposed amended complaint failed to satisfy the governing pleading requirements—including, where applicable, those imposed by the Private Securities Litigation Reform Act—with respect to the Rule 10b-5 elements of falsity, materiality, scienter, and loss causation. The court rejected those arguments.

Among other things, the court held that (1) plaintiff sufficiently alleged defendants made material misrepresentations or omissions; (2) because "it [wa]s not *obvious* that a reasonable investor would not view the[] statements as important," defendants' materiality arguments were "inappropriate at this stage of the proceedings"; (3) the inference of defendants' fraudulent intent was "cogent and *as compelling* as the contrary inference offered by the defendants"; and (4) plaintiff "provided the defendants with an indication of the loss and the causal connection that lies at the heart of the alleged loss." *Id.* at 474-91. Having rejected defendants' futility arguments, the court instructed the plaintiff to "file the second amended complaint as its own docket entry" and directed the parties "to confer regarding an appropriate discovery and pretrial schedule." *Id.* at 492. The same result is warranted here.

- 5 -

Dated: March 11, 2026

MOTLEY RICE LLC

/s/ William S. Norton
Lance V. Oliver
William S. Norton
Joshua C. Littlejohn (admitted *pro hac vice*)
Christopher F. Moriarty
Gregg S. Levin
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
loliver@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com
glevin@motleyrice.com

*Counsel for Co-Lead Plaintiff KBC Asset Management NV and Co-Lead Counsel for the proposed Class*

Respectfully submitted,

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP

/s/ Michael J. Miarmi
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice)*
Michael J. Miarmi (admitted *pro hac vice*)
Gabriel A. Panek (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
gpanek@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
rheimann@lchb.com

*Counsel for Co-Lead Plaintiffs the NYC Funds and Co-Lead Counsel for the proposed Class*

KIRBY MCINERNEY LLP
Anthony E. Maneiro
211 West Wacker Drive, Suite 550
Chicago, IL 60606
Telephone: (312) 767-5180
Facsimile: (312) 757-5181
amaneiro@kmllp.com

*Local Counsel for KBC Asset Management NV*

COHEN MILSTEIN SELLERS
  & TOLL PLLC
Carol V. Gilden
200 S. Wacker Dr., Suite 2375
Chicago, IL 60606
IL Bar: 6185530
Telephone: (312) 357-0370
cgilden@cohenmilstein.com

*Liaison Counsel for the proposed Class*